UNITED STATES *v.* BAILEY, GREEN & ELGER (No. 4017)[1]

United States Court of Customs and Patent Appeals, November 2, 1936

*Joseph R. Jackson,* Assistant Attorney General (*Charles D. Lawrence,* Special Assistant to the Attorney General, and *Marcus Higginbotham, Jr.,* special attorney, of counsel), for the United States.

*Allan R. Brown* and *Fred J. Carter* (*Eugene F. Blauvelt* of counsel) for appellee.

[Oral argument October 9, 1936, by Mr. Lawrence and Mr. Carter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

In this case the Government has appealed from a judgment of the United States Customs Court, First Division, sustaining appellee's claim in each of two protests that importations at the port of New York, consisting of certain dress buttons for women's dresses, were dutiable at 45 per centum ad valorem under the provision in paragraph 1510 of the Tariff Act of 1930 for "buttons not specially provided for."

The collector classified the buttons as dress buttons valued above 20 cents per dozen pieces, designed to be worn on apparel, under the provisions of paragraph 1527 of said tariff act, to wit, subparagraph (c) (2) of the same.

[1] T. D. 48655.

The pertinent parts of the competing paragraphs read as follows:

PAR. 1527.    *      *      *      *      *      *

(c) Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including * * * collar, cuff, and dress buttons, * * * and like articles; all the foregoing and parts thereof, finished or unfinished:

 *      *      *      *      *      *      *

(2) composed wholly or in chief value, of metal other than gold or platinum * * * or (if not composed in chief value of metal and if not dutiable under clause (1) of this subparagraph) set with and in chief value of precious or semi-precious stones, * * * imitation precious or semi-precious stones, * * * 1 cent each and in addition thereto three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem.

PAR. 1510. Buttons   *   *   *   ; parts of buttons and button molds or blanks, finished or unfinished, not specially provided for,   *   *   *   and buttons not specially provided for, 45 per centum ad valorem.

It was stipulated upon the trial that the articles here involved are in chief value of glass, and that the glass is in the form of an imitation semi-precious stone, namely, rock crystal.

Appellee introduced the testimony of two witnesses and introduced in evidence samples of the imported articles here involved as Collective Exhibit 1. It also introduced Illustrative Exhibits A and B, which appellee claims are examples of buttons set with imitation stones. The Government introduced no evidence.

The only question before us is whether or not the trial court erred in holding that the involved articles are not set with imitation semi-precious stones, to-wit, rock crystals.

The testimony discloses, and Exhibit 1 shows, that the metal backs of the buttons imported are smooth and that there are no prongs or indentations to hold the stones in place. Both of appellee's witnesses testified that the stones and the metal portions of the buttons are pasted or cemented together, and the Government concedes this to be a fact.

Harry S. Green, one of appellee's witnesses, testified that he was a stockholder of and an employee of appellee; that he had been so employed for thirty years, and during practically all of that time had dealt in buttons like those here involved, and that as a result of his thirty years' experience he would not say that the involved articles are set with imitation stones. The witness further testified as follows:

Q. What do you understand by the term "set"?—A. The term "set" means it is either set in the form of galleries or indentions in the button; the stone is set in it.

Joseph Topalian, the second witness in behalf of appellee, testified that he had sold buttons similar to those here involved for a period of fifteen years, and for a portion of that time had manufactured them; that Illustrative Exhibits A and B are buttons set with imitation

stones, but that the buttons comprising Collective Exhibit 1 are not set with imitation stones because the stones are merely pasted on the metal parts of the buttons.

The Government relies upon the broad definition of the word *set* as given in Webster's New International Dictionary and Funk & Wagnalls Standard Dictionary, and quotes therefrom.

It is true that under such broad definitions the stones here involved are *set*. However, both dictionaries also give more specific definitions of the word *set* as applied to precious stones.

Under the word *set* in Webster's New International Dictionary is found the following:

5 * * * d. To fix, as a precious stone, *in* a border of metal; * * * [Italics ours.]

In Funk & Wagnalls New Standard Dictionary we find the following definition of *set:*

3. To place *in* a frame or mounting; fasten or partially enclose, as a gem, *in* gold, silver, or other metal so as at once to support and display it; as, to *set* a ruby *in* a ring; hence to stud or bedeck with objects placed in some order; as, to *set* a crown with jewels. * * * [Italics, except the word *set*, ours.]

We think the testimony of the witnesses in the case as to the meaning of the word *set* as applied to imitation stones, while of course not binding upon the court, may be considered as advisory to the court as to such meaning, since one of the witnesses had been a manufacturer of similar dress buttons, and the other witness had dealt in them for thirty years. *United States* v. *North American Mercantile Co.*, 17 C. C. P. A. (Customs) 378, T. D. 43820.

The dictionary definitions above quoted indicate that the word *set* has a specific meaning when applied to precious stones, and, while the articles here involved are very cheap, it is our opinion that Congress used the word *set* with regard to imitation stones in the same sense that it did with respect to precious stones. It is to be observed that the provision under which the articles were classified by the collector is in what is commonly known as the jewelry paragraph, and the provision reads, so far as pertinent to this discussion, "set with and in chief value of precious or semi-precious stones * * * imitation precious or semi-precious stones * * *." In other words, the word *set* is used but once in the provision and applies equally to precious and semi-precious stones and imitation precious or semi-precious stones.

In view of the undisputed fact that the stones here involved were merely pasted or cemented on the metal part of the buttons, and are not placed *in* the metal portion or partially enclosed thereby, we are of the opinion that the Customs Court came to the right conclusion, and its judgment is *affirmed.*